IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARGARITO BARRERA-VARGAS,

    Petitioner,

v.                                              No. 2:25-cv-01226-MLG-KRS

KRISTI NOEM, Secretary,
U.S. Department of Homeland Security;
et al.

    Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING RESPONDENTS TO RELEASE PETITIONER ON BOND**

This matter is before the Court on Petitioner Margarito Barrera-Vargas's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Request for Order to Show Cause ("Petition") filed December 8, 2025. Doc. 1.[1] For the reasons stated below, the Court grants the Petition and orders Respondents release Barrera-Vargas upon payment of the bond found in the alternative by Immigration Judge ("IJ") James Miller, Jr.[2] *See* Doc. 9-3 at 1-2; Doc. 10 at 6.

---

[1] Barrera-Vargas also recently filed a Motion for Temporary Restraining Order and Preliminary Injunction ("Motion") on January 21, 2026. Doc. 11. The Petition and Motion seek the same relief—that Barrera-Vargas be released from detention. Doc. 1 at 13; Doc. 11 at 2, 9. The Motion provides the additional information that the IJ would have granted bond in the amount of $10,000.00 in the alternative to his finding that he lacked jurisdiction. Doc. 11 at 2; Doc. 11-1 (Transcript of Nov. 14, 2025 Bond Hearing) at 3-6. Because the Court is granting the Petition, Barrera-Vargas' motion for injunctive relief is moot. *See Loa Caballero v. Baltazar*, Case No. 25-cv-03120-NYW, 2025 WL 2977650, at * 1, * 10 (D. Colo. Oct. 22, 2025) (ruling a motion for injunctive relief was moot when granting a petition for habeas corpus).

[2] This Court is authorized to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through

On November 3, 20205, Barrera-Vargas was arrested and taken into custody by U.S. Immigration and Customs Enforcement ("ICE") officers in Washington state. *Id.* at 10 ¶ 41. He was charged with being "a [noncitizen][3] present in the United States who has not been admitted or paroled" pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) and placed in removal proceedings pursuant to § 1229a. *Id.* at 10 ¶ 41, 11 ¶ 42; Doc. 9 at 2; Doc. 9-1 at 1. Barrera-Vargas was first detained in Tacoma, Washington and then was moved to the Otero County Processing Center in Chaparral, New Mexico. Doc. 1 at 11 ¶ 42.

On November 14, 2025, Barrera-Vargas was granted a bond hearing and requested release from detention pending his removal proceedings. Doc. 1 at 11 ¶ 45; Doc. 9 at 2; Doc. 9-3 at 1; Doc. 11-1 at 1, 3. The IJ denied Barrera-Vargas' bond request on the grounds that Barrera-Vargas was subject to mandatory detention and the court lacked jurisdiction pursuant to the Bureau of Immigration Affairs ("BIA") recent decision of *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[4] Doc. 1 at 11, ¶ 45; Doc. 9 at 2; Doc. 9-3 at 1; Doc. 11-1 at 3-5. The IJ noted in his order and on the record that he would have granted bond in the amount of $10,000.00 if the immigration court had jurisdiction. Doc. 9-3 at 1; Doc. 10 at 6; Doc. 11-1 at 6.

---

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

[3] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

[4] A recent BIA precedential decision holding that section 235(b)(2)(A) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1225(b)(2)(A), precludes IJs from granting bond requests to people who are present in the United States unlawfully. *Id.*

In determining Barrera-Vargas's Petition, the dispositive question presented to this Court is whether Barrera-Vargas is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a),[5] or whether he is subject to the mandatory detention provisions provided for in § 1225(b)(2).[6] Like the overwhelming majority of courts who have considered the matter, this Court agrees that § 1226(a) governs his detention and, therefore, Barrera-Vargas is entitled to an individualized bond hearing.[7] *See Salazar v. Dedos*, No. 1:25-cv-00835, 2025 WL 2676729, at *4 (D.N.M. Sept. 17, 2025); *Pu Sacvin v. De Anda-Ybarra*, No. 2:25-cv-01031, 2025 WL 3187432 (D.N.M. Nov. 14, 2025); *Cortez-Gonzalez v. Noem*, No. 2:25-cv-00985-MLG-KK, 2025 WL 3485771, at *4 (D.N.M. Dec. 4, 2025); *see also Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 483-91 (S.D.N.Y. 2025); *Jimenez v. FCI Berlin*, 799 F.Supp.3d 59 (D.N.H. 2025); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in

---

[5] "On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." § 1226(a) (emphasis added).

[6] "[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a." § 1225(b)(2) (emphasis added).

[7] "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also Zadvydas*, 533 U.S. at 693 ("[O]nce [a] [noncitizen] enters the country, the legal circumstances changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). Given that § 1226(a) is controlling, Barrera-Vargas was entitled—as a right—to an individualized bond hearing. *See Salazar*, 2025 WL 2676729, at *5; *Pu Sacvin*, 2025 WL 3187432, at *3. Barrera-Vargas's continued detention on the basis of § 1225(b)(2) constitutes an ongoing violation of the INA and his right to due process under the Fifth Amendment of the U.S. Constitution. *See id*.

350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Accordingly, the Court hereby grants Barrera-Vargas's Petition for Writ of Habeas Corpus and orders that Respondents immediately release Barrera-Vargas upon payment of the $10,000 bond found in the alternative by IJ Miller. *See* Doc. 9-3 at 1; Doc. 11-1 at 6; *Alfaro v. Wamsley*, No. 2:25-cv-01706, 2025 WL 2822113, at *8 (W.D. Wash. Oct. 2, 2025) (ordering respondents to—within seven days of the order—release the petitioner "from detention or allow [her] release upon payment of the bond amount found in the alternative by the Immigration Judge is his [previous] order"); *cf. Lopez Benitez*, 795 F. Supp. 3d at 496-99 (ordering the petitioner who was incorrectly detained under § 1225(b) instead of § 1226(a) be immediately released from custody rather than ordering the petitioner to have a bond hearing in front of the IJ). Since IJ Miller alternatively found a $10,000 bond would be appropriate, a determination has been made that Barrera-Vargas is neither a danger to the community nor—given his strong ties to the community—a flight risk. *See* Doc. 11-1 at 5-6; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (describing the factors considered by IJs during a bond-determination hearing pursuant to § 1226(a) and its implementing regulations). This relief is therefore proper.

Respondents are further ordered to file a status report within ten days of this Order to certify compliance.

Barrera-Vargas's request for injunctive relief in his Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 11) is moot.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

4